UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WELLS FARGO BANK, N.A., as successor by merger to Wachovia Bank, N.A.,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-1130-Orl-31DAB**

**ROBERT B. YOUNG; M. STEVEN SEMBLER; SANDRA C. YOUNG; SANDRA C. SEMBLER; YOUNG FAMILY INVESTMENT PARTNERSHIP, et al.,**

**Defendants.**

---

# ORDER

This cause comes before the Court without oral argument on three Motions to Dismiss filed by the Defendants (Docs. 7, 9, 22); Plaintiff's Responses (Docs. 18, 19, 29); and Defendants' Reply (Doc. 28).

**I. Overview**

Plaintiff filed this breach of contract action on May 31, 2011 in the Circuit Court of the Ninth Judicial Circuit, in an for Orange County, Florida. On July 8, 2011 it was removed to this Court pursuant to 28 U.S.C. § 1332. Defendants now move to dismiss Plaintiff's Complaint on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons discussed *infra*, Defendants' Motions to Dismiss will be denied.

**II. Background**

The following facts are alleged in the Complaint (Doc. 2) and are taken as true for the purposes of ruling on the Motions to Dismiss. In June of 2004, two real estate development companies, Arlington Ridge, LLC, ("Arlington Ridge") and Blair HomeCrafters of Leesburg, LLC., ("Blair HomeCrafters"), entered into a multi-phase transaction with Wachovia Bank, N.A.,[1] for the purchase and development of a residential golf community. (Doc. 2, ¶¶ 18-19). The transactions at issue are as follows:

1. In June 2004, Wachovia loaned Arlington Ridge more than $20 million (the "A&D Loan") to purchase land in return for a security interest in certain property. (Doc. 2, ¶ 19).
2. In November 2004, Wachovia loaned over $5 million and extended a line of credit to Blair HomeCrafters (the "BLOC Loan") in return for a security interest in certain property. (Doc. 2, ¶ 29).
3. Both the A&D and BLOC loans were personally guaranteed (the "Guarantees") by Defendants Robert B. Young and Steven Sembler (the "Guarantors"). (Doc. 2, ¶ 20, 21).[2]

In October of 2008, Arlington Ridge and Blair HomeCrafters (the "Debtors") filed a voluntary petition for bankruptcy under Chapter 11 of the United States Code. (Doc. 2, ¶ 37); *In re Arlington Ridge, LLC et al*., No. 8:08-bk-15678 (Bankr. M.D. Fla. 2008). Pursuant to the Confirmation Order

---

[1] Wachovia Bank, N.A., was the original creditor in this case. Plaintiff, Wells Fargo Bank, N.A., is the successor in interest, by merger, to Wachovia Bank, N.A.

[2] Both the A&D and BLOC Loans were subsequently modified and partially paid. The Guarantees were reaffirmed on multiple occasions to account for the difference. (Doc. 2, ¶¶ 22-28).

in that case, the Debtors conveyed the secured property referenced in the loans to Plaintiff on April 3, 2009, in satisfaction of the A&D and BLOC Loans. (Doc. 2, ¶ 40). Plaintiff contends that the property only partially satisfied the amounts due under the Loans, thus on May 31, 2011, Plaintiff filed the instant action seeking to enforce the Guarantees and recover the amount of the deficiency. Defendants argue that the bankruptcy court intended the A&D and BLOC Loans to be "fully satisfied" by the transfer of the property, and since the underlying debt is satisfied, the Guarantors are no longer liable to Plaintiff.

**III. Standard of Review**

**A. Motions to Dismiss**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause

of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**B. Res Judicata**

Res judicata, or claim preclusion, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, __U.S.__, 131 S.Ct. 1723, 1730 (2011) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)). Claim preclusion applies when four conditions are met: (1) "the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with due process;" (2) "the judgment must be final and on the merits;" (3) "there must be identity of both parties or their privies;" (4) "the later proceeding must involve the same cause of action as involved in the earlier proceeding." *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549-50 (11th Cir. 1990). Res judicata is also used broadly to refer to issue preclusion, which applies to subsequent litigation based on a different cause of action. *Id*. at 1550. Issue preclusion bars only "those matters or issues common to both actions which were either expressly, or by necessary implication adjudicated in the first." *Id*.

**C. Bankruptcy**

In bankruptcy, a secured claim is allowed up to the "value of such creditor's interest in such property," any remaining amount is an unsecured claim. 11 U.S.C. § 506(a)(1). A court "may determine the value of a claim secured by a lien on property . . . on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." FED. R. BANK. P. 3012. Only an unsecured creditor is required to file such a motion. FED. R. BANK. P. 3002(a). In regards to third party claims, the bankruptcy code states: the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e); *see also In re Sure-Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir. 1993); *United States v. Stribling Flying Service, Inc.*, 734 F.2d 221, 222-23 (5th Cir. 1984) (stating that liability on an unconditional guarantee is unaffected by chapter 11 plan restructuring guaranteed debt); 4 COLLIER ON BANKRUPTCY ¶ 524.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). There is an exception though if, pursuant to a reorganization plan of a debtor under chapter 11, the bankruptcy court makes a specific finding regarding the release of a third party's claim. *See In re Van Diepen, P.A.*, 236 Fed. App'x 498, 503 (11th Cir. 2007); *In re Transit Group, Inc.*, 286 B.R. 811, 817 (Bankr. M.D. Fla. 2002).

**IV. Discussion**

In three separate Motions to Dismiss, Defendants rely on one basic argument: res judicata bars the Plaintiff from filing suit in the instant action because the guaranteed debt was adjudicated fully satisfied in the bankruptcy proceeding. There are two problems with Defendants' argument: (1)

Defendants have not shown that they were parties to the bankruptcy proceeding;[3] (2) Defendants have not shown that the bankruptcy court actually determined the issue of liability on the Guarantees.

Claim preclusion only applies where there is an identity of both parties. Defendants rely on *In re Justice Oaks II* for the proposition that "[a]ll creditors of a debtor are parties in interest," and all parties in interest are entitled to res judicata. 898 F.2d at 1551. In that case, res judicata applied to bar the claims of third party guarantors who actually participated in the proceeding by filing a proof of claim, leading the court to conclude "[t]hus, one who participates in a chapter 11 plan confirmation proceeding becomes a party to that proceeding even if never formally named as such." *Id*. In the instant case, the Guarantors did not file a proof of claim or seek to assert their interests in any way before the bankruptcy court. Their participation in the bankruptcy proceeding is limited to two instances mentioned by Defendants. First, the "defined terms" section of the plan defines "Guarantors" as Steven Sembler and Robert Young. (Doc. 7 at 9). This brief mention is not enough to make the Guarantors parties for the purpose of res judicata. Second, Defendants note that both the Confirmation Plan and Confirmation Order refer to an "Unsecured Creditors Fund" which was funded by Steven Sembler and Robert Young. (Doc. 7 at 9). Similarly, this is not enough to establish that Guarantors were parties for the purposes of res judicata because it had nothing to do with the Guarantees. Instead, it is a result of Steven Sembler and Robert Young's position as principles in the debtor companies, not as guarantors of the A&D and BLOC Loans. Therefore, there is no clear indication that the Guarantors participated in the bankruptcy action, or that their interest was represented, such to make them "parties in interest" for the purposes of res judicata.

[3] Blair HomeCrafters was a debtor in the bankruptcy proceeding but is only a nominal defendant in this action because Plaintiff has alleged no claim of liability as to it.

Additionally, Defendants have failed to show that the amount due on the Guarantees was necessarily determined by the bankruptcy court. The value of the property was never at issue in the bankruptcy proceeding because no party ever sought a valuation under Rule 3012. FED. R. BANK. P. 3012. Therefore, the court never considered what deficiency may result after the conveyance of the secured property or whether the Guarantors may still be liable under the A&D and BLOC Loans. It was not required to make such a determination because the general presumption is that the discharge of a debt in bankruptcy has no effect on third party guarantors. 11 U.S.C. § 524(e). The only exception to this is where the bankruptcy court, pursuant to a reorganization plan of the debtor, intended to include a third party claim. *In re Transit Group, Inc.*, 286 B.R. 811, 817 (Bankr. M.D. Fla. 2002). Defendants do not point to any such provision. Instead they rely on general language in the Confirmation Order and Confirmation Plan that says the transfer of the secured property "fully satisfies" the A&D and BLOC Loans. (Doc. 7 at 11; Doc. 9 at 10). In response, Plaintiff points to specific language in the Confirmation Order which says: "[n]otwithstanding the foregoing, the provisions of this Article do not operate as a release of Wachovia's claims against guarantors of the obligations owed to it." (Doc. 2 at 16-17).[4] When viewed in the light most favorable to the Plaintiff, the Complaint sufficiently states a claim for relief.[5]

---

[4] Essentially, the parties debate the intent of the bankruptcy court as expressed in the Confirmation Order. Plaintiff attached a transcript of the Confirmation Hearing to its Response that may resolve the issue, but the Court declines to consider this document in ruling on the Motions to Dismiss.

[5] In its Motion to Dismiss (Doc. 22) Defendant Blair HomeCrafters requests in the alternative to stay or abate this case pending the outcome of a declaratory judgement action before this Court. On September 2, 2011 the Court stayed the declaratory judgement action pending the outcome of the instant case, thus Defendant's request is moot.

In light of the foregoing, Defendants' Motions to Dismiss (Docs. 7, 9, and 22) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 13, 2011.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party